4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**FILED**
**JUN 18 2014**
CLERK'S OFFICE-DETROIT
U.S. DISTRICT COURT

VINCENT L. RUCHLEWICZ,
    Plaintiff,

v.

Case No. 2:13-cv-14452
HON. ARTHUR J. TARNOW

DR. MALATINSKY, et al.,
    Defendants.

**MOTION FOR LEAVE TO FILE SURREPLY**

NOW COMES, Plaintiff Vincent L. Ruchlewicz (hereinafter 'Ruchlewicz'), pro-se with the above named MOTION FOR LEAVE TO FILE SURREPLY, and in support thereof states as follows:

1. On or about 6/9/2014, the Defendant's filed their reply brief in support of motion to dismiss in the instant matter.

2. In their reply brief the defendants continue to assert that dismissal of Ruchlewicz's Bivens Complaint is proper at this time based, principally upon Ruchlewicz's failure to sufficiently plead facts supporting the particular defendants wrongful conduct with the "requsite degree of specificity." In addition, the Defendants attack Ruchlewicz in his failure to attempt to supplement his pleadings in his response to the Defendants motion to dismiss with, once again, "sufficient specificity."

3. Ruchlewicz has and continues to specifically assert that each of the remaining named Defendants examine Ruchlewicz following the subject incident and failed to provide any medical relief to Ruchlewicz. It is difficult to imagine how Ruchlewicz can plead this fact with any greater specificity.

4. In addition, and with respect to Ruchlewicz's 8th Amendment

1

violation claim Ruchlewicz's factual assertion that the remaining named Defendants provided **NO** medical care whatsoever to Ruchlewicz following his fall sufficiently states and 8th Amendment Violation Claim. Ruchlewicz's additional claim as to the propriety of the Defendant's decision to thereafter to not allow Ruchlewicz to **NOT** consult with an outside neurologist for his continuing head pain which persists to this day, is an entirely distinct and separate issue for 8th Amendment Violation purposes.

5. Finally, with respect to the Defendants "individual capacity pleading argument" and their qualified immunity defense argument to establish defendant's deliberate indifference, Ruchlewicz's factual assertions contained in his complaint adequately establish that the defendans were, at all relevant times herein, and in providing **NO** medical care to Ruchlewicz, acted outside of their official scope of employment, and are not, therefore entitled to assert a qualified immunity defense herein.

**WHEREFORE**, the Plaintiff, Vincent L. Ruchlewicz, prays that this honorable court enter an order as follows:

A. Grant Ruchlewicz's MOTION FOR LEAVE TO FILE SURREPLY IN STANTER:

B. Deny the Defendant's MOTION TO DISMISS; and

C. Provide further relief as this court deems is just and proper.

Date: 6 / 14 / 14

Vincent L. Ruchlewicz
Reg. No. 40706-066
FCI MILAN
PO BOX 1000
MILAN, MI 48160

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT L. RUCHLEWICZ,
    Plaintiff,

v.

                                   Case No. 2:13-cv-14452
                                   HON. ARTHUR J. TARNOW

DR. MALATINSKY, et al.,
    Defendants.

## CERTIFICATE OF SERVICE

I, Vincent L. Ruchlewicz hereby swear under penalty of perjury that this MOTION FOR LEAVE TO FILE SERREPLY was placed in the USPS Mail on the date below, using First Class, pre-paid postage and mailed to the Prisoner Correspondent for deliverty to the Court (1 Copy), and delivery to the Defendants (1 Copy)(Lynn M. Dodge, AUSA) at the following:

Prisoner Correspondent
U.S.D.O.J.
United States Attorney's Office
Eastern District of Michigan
211 W. Fort Street, Ste. 2001
Detroit, MI  48226-3211

Date: 6/14/14

Vincent L. Ruchlewicz
Reg. No. 40706-066
FCI Milan
PO BOX 1000
Milan, MI  48160

Vincent L. Ruchlewicz
#40706-066
NAME
REG. NO.
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MICHIGAN 48160

⇔ 40706-066 ⇔
Theodore Levin, Clerk of Court
231 W Lafayette BLVD
RM 564
Detroit, MI 48226
United States