UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT RUCHLEWICZ,　　　　　　　　　Case No. 13-14452

　　　　Plaintiff,　　　　　　　　　　　　　Arthur J. Tarnow
v.　　　　　　　　　　　　　　　　　　　United States District Judge

DR. MALATINSKY, et al.,　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTIONS TO DISMISS (Dkt. 18, 32)

### I.    PROCEDURAL HISTORY

Plaintiff filed this prisoner civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) on October 23, 2013. (Dkt. 1). On March 20, 2014, the Court dismissed defendants Terris, Laird, and Watts based on plaintiff's failure to state a claim against them. In addition, the Court dismissed plaintiff's Federal Tort Claims Act claims against all defendants except the United States. (Dkt. 7). On April 29, 2014, District Judge Arthur J. Tarnow referred this matter to the undersigned for all pretrial proceedings. (Dkt. 15).

Defendants Bayoneto, Malatinsky, Pomaloy, and Zesto filed a motion to dismiss the complaint on May 9, 2014. (Dkt. 18). Plaintiff filed a response on June 10, 2014. (Dkt. 27). Defendant filed a reply and plaintiff was permitted to

1

file a sur-reply. (Dkt. 22, 29). On August 28, 2014, defendant Gidel filed a motion to dismiss the complaint. (Dkt. 32). Plaintiff filed a response on October 10, 2014. (Dkt. 34). On October 28, 2014, defendant filed a reply. (Dkt. 35).

Plaintiff concedes that his negligence claims are subject to dismissal as they are barred by the Federal Tort Claims Act, and agrees that his only claim is brought under *Bivens*. (Dkt. 27, Pg ID 132-33). Plaintiff also concedes that injunctive relief is not available under *Bivens* and agrees that dismissal of his claim for injunctive relief is appropriate. (Dkt. 27, Pg ID 135). Thus, the only remaining issue is plaintiff's Eighth Amendment claim, which will be addressed below.

These matters are now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motions for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II. PLAINTIFF'S COMPLAINT

According to plaintiff's complaint, plaintiff fell on the ice at Milan Correctional Facility, hit his head, and was knocked unconscious. Plaintiff says he was taken to the Health Services Department (HSD) and was seen by Stephen Gidel, MLP. After taking his vital signs, plaintiff was told to go to his cell and lie down. Plaintiff says he went to the HSD several times to see about getting an MRI for his head injury. Every time he was seen by HSD staff, they attempted to deny

that plaintiff struck his head and had an issue with nerve or soft tissue pain, and maintained that he only fell on his posterior, not his head. Plaintiff complains of an ongoing refusal to treat his head injury and a refusal to obtain an opinion from a neurology specialist. Plaintiff alleges that his medical file will show that he asked many times to be given treatment for his neck and head issues and that staff members continued to deny him proper care. Plaintiff alleges that an MRI, CT, or x-ray would have been performed for a "normal U.S. Citizen" who is not incarcerated and insured through Medicare, Medicaid, or the Affordable Care Act. Plaintiff contends that this "reduction in health care" is a clear violation of his Eighth Amendment rights. Plaintiff asks for money damages in the amount of $5,000,000 and injunctive relief in the form of seeing a neurologist for an exhaustive battery of diagnostic imaging testing. (Dkt. 1).

### III.   ANALYSIS AND CONCLUSION

    A.   <u>Standard of Review</u>

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement

to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (the factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89 (2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was

4

involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citation omitted). Thus, when applying *Twombly*, except as to a claim of fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

Generally if a court considers matters outside of the pleadings, the court must convert the motion into one for summary judgment under Rule 56. However, "[w]hen a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (noting that the Sixth Circuit has "held that 'documents that a defendant attaches to a motion to dismiss

5

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to h[is] claim'"), quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). "[I]n general, a court may only take judicial notice of a public record whose existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 2005).

B.  Deliberate Indifference Claim

Plaintiff alleges an Eighth Amendment claim for deliberate indifference to his medical needs. (Dkt. 1). In the context of medical care, a prisoner's Eighth Amendment right to be free from cruel and unusual punishment is violated only when the prisoner can demonstrate a "deliberate indifference" to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) (citations omitted). Moreover, mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

A viable Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v.*

*McCrary*, 273 F.3d 693, 702 (6th Cir. 2002). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Farmer*, 511 U.S. at 834. Courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson*, 503 U.S. at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *Farmer*, 511 U.S. at 834. To establish the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* at 837. In other words, this prong is satisfied when

7

a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994), citing *Farmer*, 511 U.S. at 839-40. "Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention." *Lewis v. Corr. Med. Servs.*, 2009 WL 799249, at *2 (E.D. Mich. 2009).

In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain treatment decisions made by the medical staff, the plaintiff fails to state a claim under the Eighth Amendment. *See McFarland v. Austin*, 196 Fed. Appx. 410, 411 (6th Cir. 2006) ("as the record reveals that McFarland has received some medical attention and McFarland's claims involve a mere difference of opinion between him and medical personnel regarding his treatment, McFarland does not state a claim under the Eighth Amendment"); *White v. Corr. Med. Servs., Inc.*, 94 Fed.Appx. 262, 264 (6th Cir. 2004) (affirming dismissal of the complaint for failure to state a claim where the essence of plaintiff's claims was that he disagreed with the defendants' approaches to his medical treatment where defendant discontinued plaintiff's previous course of treatment and prescribed what plaintiff considered to be less effective treatment); *Catanzaro v. Michigan Dep't of Corr.*, 2010 WL 1657872, at *3 (E.D.

Mich. 2010) (plaintiff failed to state a claim of deliberate indifference when "he specifically alleges that he was given medications that proved ineffective to relieve his symptoms, rather than medications that he believed were more effective, such as Drixoral, Sudafed and Deconamine"), *adopted by* 2010 WL 1657690 (E.D. Mich. 2010); *Allison v. Martin*, 2009 WL 2885088, at *7 (E.D. Mich. 2009) (plaintiff failed to state a claim of deliberate indifference in violation of the Eighth Amendment when the complaint reveals plaintiff was seen over a dozen times for his eczema and was given medication, though not the "type" and quantity he requested).

Plaintiff alleges in his complaint that he has received treatment a number of times since he fell and hit his head. Plaintiff was examined on January 31, 2013 after he slipped and fell on the ice. (Dkt. 1, Pg ID 15). According to documents attached to plaintiff's complaint, he had contact with medical staff on February 1, 2013, February 4, 2013, February 11, 2013, February 20, 2013, February 22, 2013, and February 28, 2013. (Dkt. 1, Pg ID 17) (response to grievance).[1] On March 5, 2013, x-rays of plaintiff's cervical spine were negative except for mild degenerative disc disease. Plaintiff was examined by the Clinical Director on March 22, 2013, and apparently did not express any complaints about headaches or

---

[1] These documents may be considered in reviewing the motions to dismiss because they were attached to the complaint and are central to plaintiff's claims. *See* Standard of Review, *supra*.

9

neck pain. *Id*. Other documentation attached to the complaint reveals that no treater recommended that plaintiff see a neurologist, and at an evaluation on May 29, 2013, plaintiff complained of neck pain, but did not complain of dizziness, headache, nausea or hand numbness. (Dkt. 1, Pg ID 20). In this same grievance response (dated July 3, 2013), the respondent suggested that plaintiff express his concerns about any dizziness, headache, nausea and hand numbness at his next scheduled Chronic Care Clinic evaluation, which was scheduled in July, 2013. *Id*. Plaintiff complains that defendants demonstrated deliberate indifference by failing to do any diagnostic imaging or to refer him to a neurologist. However, given the regular, consistent care and treatment plaintiff received, it cannot be said that the treatment received was so woefully inadequate as to state a violation of plaintiff's Eighth Amendment rights. Thus, plaintiff's complaint on its face negates the subjective element required to prove a deliberate indifference claim, and because plaintiff's allegations simply constitute a difference of opinion between himself and medical personnel regarding his medical treatment, he has failed to allege facts that, if proven, would rise to the level of deliberate indifference in order to support an Eighth Amendment claim. *See Estelle*, 429 U.S. at 105-06 (holding that where a plaintiff was seen by medical personnel on 17 separate occasions and was prescribed medications, the medical decisions did not represent cruel and unusual punishment). Accordingly, plaintiff's Eighth Amendment claims should be

dismissed with prejudice.[2]

      C.    <u>Qualified Immunity</u>

Defendants also argue that they are entitled to qualified immunity. The Supreme Court has set forth a two-prong test for analyzing qualified immunity. First, a court must determine whether a constitutional right would have been violated on the facts alleged. If no violation is established, then the inquiry ends. If a violation is established, the second step is for a court to determine whether the right was clearly established. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Here, the undersigned determined above that no constitutional violation has occurred and dismissal is appropriate, thus the second step of the qualified immunity need not be examined.

**IV.    RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motions for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and

---

[2] In his response, plaintiff asks that if the Court is inclined to grant the defendants' motion to dismiss, he should be granted leave to filed an amended *Bivens* complaint to cure any pleading defects. (Dkt. 27, Pg ID 135). However, plaintiff has not filed a proper motion for leave to amend the complaint, including a proposed amended pleading as required by Local Rule 15.1. And, this matter has not been fully briefed by the parties. Thus, this request will not be considered at this time.

Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

   Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 30, 2014                    s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on <u>December 30, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Lynn Marie Dodge</u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Vincent Ruchlewicz #40706066, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, MI 48160</u>.

                                                   s/Tammy Hallwood
                                                   Case Manager
                                                   (810) 341-7887
                                                 tammy_hallwood@mied.uscourts.gov