UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

V<span>INCENT</span> R<span>UCHLEWICZ</span>,

   Plaintiff,

v.

M<span>ALATINSKY</span>, et al.,

   Defendants.

             /

Case No. 13-14452

S<span>ENIOR</span> U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> J<span>UDGE</span>
A<span>RTHUR</span> J. T<span>ARNOW</span>

M<span>AGISTRATE</span> J<span>UDGE</span> M<span>ICHAEL</span> J. H<span>LUCHANIUK</span>

## ORDER ADOPTING REPORT AND RECOMMENDATION [37] AND GRANTING DEFENDANTS' MOTIONS TO DISMISS [18, 32]

On December 30, 2014, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") [37] recommending that the Court grant the remaining Defendants' Motions to Dismiss [18, 32]. Plaintiff filed an Objection [38], Defendants filed a Response [40], and Plaintiff filed a Motion for Leave to Amend his Objection [39] and a Reply [41].

For the reasons stated below, the Court **ADOPTS** the R&R [37]. Defendants' Motions to Dismiss [18, 32] are **GRANTED**; Plaintiff's Motion for Leave to Amend his Objection [39] is **GRANTED**; and Plaintiff's Objection [38] as amended as amended by his Motion [39] is **OVERRULED**.

### STATEMENT OF FACTS

The Court adopts the explanation of facts as set out in the R&R [129]. They read as follows:

Plaintiff filed this prisoner civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) on October 23, 2013. (Dkt. 1). On March 20, 2014, the Court dismissed defendants Terris, Laird, and Watts based on plaintiff's failure to state a claim against them. In addition, the Court dismissed plaintiff's Federal Tort Claims Act claims against all defendants except the United States. (Dkt. 7). . . .

Defendants Bayoneto, Malatinsky, Pomaloy, and Zesto filed a motion to dismiss the complaint on May 9, 2014. (Dkt. 18). Plaintiff filed a response on June 10, 2014. (Dkt. 27). Defendant filed a reply and plaintiff was permitted to file a sur-reply. (Dkt. 22, 29). On August 28, 2014, defendant Gidel filed a motion to dismiss the complaint. (Dkt. 32). Plaintiff filed a response on October 10, 2014. (Dkt. 34). On October 28, 2014, defendant filed a reply. (Dkt. 35).

Plaintiff concedes that his negligence claims are subject to dismissal as they are barred by the Federal Tort Claims Act, and agrees that his only claim is brought under *Bivens*. (Dkt. 27, Pg ID 132-33). Plaintiff also concedes that injunctive relief is not available under *Bivens* and agrees that dismissal of his claim for injunctive relief is appropriate. (Dkt. 27, Pg ID 135). Thus, the only remaining issue is plaintiff's Eighth Amendment claim, which will be addressed below.

. . .

## II. PLAINTIFF'S COMPLAINT

According to plaintiff's complaint, plaintiff fell on the ice at Milan Correctional Facility, hit his head, and was knocked unconscious. Plaintiff says he was taken to the Health Services Department (HSD) and was seen by Stephen Gidel, MLP. After taking his vital signs, plaintiff was told to go to his cell and lie down. Plaintiff says he went to the HSD several times to see about getting an MRI for his head injury. Every time he was seen by HSD staff, they attempted to deny that plaintiff struck his head and had an issue with nerve or soft tissue pain, and maintained that he only fell on his posterior, not his head. Plaintiff complains of an ongoing refusal to treat his head injury and a refusal to obtain an opinion from a neurology specialist. Plaintiff alleges that his medical file will show that he asked many times to be given treatment for his neck and head issues and that staff members continued to deny him proper care. Plaintiff alleges that an MRI, CT, or x-ray would have been performed for a "normal U.S. Citizen" who is not incarcerated and insured through Medicare, Medicaid, or the Affordable Care Act.

Plaintiff contends that this "reduction in health care" is a clear violation of his Eighth Amendment rights. Plaintiff asks for money damages in the

amount of $5,000,000 and injunctive relief in the form of seeing a neurologist for an exhaustive battery of diagnostic imaging testing. (Dkt. 1).

## LEGAL STANDARD

The Court reviews objections to an R&R on a dispositive motion *de novo.* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). Rule 12(b)(6) tests the legal sufficiency of a complaint. To survive a motion to dismiss or for judgment on the pleadings, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When they are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## ANALYSIS

In his Motion to Dismiss [32], Defendant Gidel simply adopted the arguments of the other remaining Defendants' Motion to Dismiss [18]. Accordingly, the Court

will conduct its analysis as if the first Motion [18] included all remaining individual Defendants.

The only claim remaining in this case, is Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs. The R&R [37] recommends dismissing that claim. Plaintiff raises two objections to that recommendation.

First, Plaintiff objects that the R&R wrongfully concluded that he fell on his posterior and not his head during the slip-and-fall accident. In fact, the R&R [37] correctly memorializes that Plaintiff hit his head and the Court will conduct its analysis presuming that fact. Plaintiff withdrew this specific objection in his Reply [41].

Second, Plaintiff objects that the R&R wrongfully concluded that Plaintiff has failed to sufficiently demonstrate that the Defendants acted with medical indifference to his necessary medical needs. A deliberate indifference claim has both objective and subjective components. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). The objective component requires a plaintiff to show that "the medical need at issue is sufficiently serious." *Id*. at 896. The subjective component requires a showing that "prison officials have a sufficiently culpable state of mind in denying medical care." *Id*. at 895. A sufficiently culpable state of mind is shown where the official knows of and disregards the substantial risk of serious harm facing the detainee. *Villegas v. Metropolitan Government of Nashville*, 709 F.3d 563, 569 (6th Cir. 2013).

In evaluating a deliberate indifference claim, courts "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell,* 643 F.3d 162, 169 (6th Cir. 2011). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.*

Here, Plaintiff's own allegations indicate that he has received treatment several times since the slip and fall. Plaintiff was examined on January 13, 2013, the day he fell. He had contact with the Health Services Department on February 1, 2013, February 4, 2013, February 11, 2013, February 20, 2013, February 22, 2013, and February 28, 2013. On March 5, 2013, X-rays of Plaintiff's cervical spine were negative except for mild degenerative disc disease. On March 22, 2013, the Clinical Director examined Plaintiff. During that examination, Plaintiff did not express any complaints about headaches or neck pain. A few months later, on May 29, 2013, Plaintiff complained of neck pain and contends that Defendants' refusal to conduct neurological imaging diagnostics constitutes deliberate indifference to his serious medical needs.

Defendants never refused to treat Plaintiff, Plaintiff just disagreed with the treatment he received. Defendants' treatment of Plaintiff is not "so woefully inadequate

as to amount to no treatment at all." *Alspaugh,* 643 F.3d at 169. Even if Plaintiff proved all of the facts he alleges, he would not show the subjective element required to prove a claim for deliberate indifference. Consequently, Plaintiff's deliberate indifference claim fails on its face. For the foregoing reasons, the Court **HEREBY ADOPTS** the R&R [37]. Accordingly,

**IT IS ORDERED** Defendants' Motions to Dismiss [18, 32] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend his Objection [39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection [38] as amended by his Motion [39] is **OVERRULED**.

**THIS CASE IS CLOSED.**

**SO ORDERED**.

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: March 30, 2015                  Senior United States District Judge